[Cite as *State v. Sims*, 2026-Ohio-3119.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,              :

    Plaintiff-Appellee,              :

                             No. 116012

    v.              :

LEJUAN SIMS,              :

    Defendant-Appellant.              :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 13, 2026

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2025-CRB-006287

---

### *Appearances:*

Mark D. Griffin, City of Cleveland Director of Law, and
Maria Herrel, Assistant Prosecutor, *for appellee.*

Wargo Law, LLC, and Leslie E. Wargo, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Lejuan Sims appeals his conviction for first-degree misdemeanor assault claiming the municipal court erred by accepting his guilty plea because he was not informed of the effect of his plea under Crim.R. 11(D). For the following reasons, we affirm.

{¶ 2} Sims pleaded guilty to an assault stemming from an incident described by the prosecutor as follows:

> [T]he defendant was observed walking towards two female RTA operators. [The victim] stated the defendant appeared to be holding his penis, which was erect and making moves toward her and her co-worker. . . . Video evidence, from RTA, showed the defendant touching the victim on her right breast and striking her on the face.

In exchange for the guilty plea, the city dismissed the sexual-imposition charge in the underlying case, as well as a second case that included criminal trespass and assault charges for another unrelated incident involving different victims. Sims was sentenced to 180 days in jail, along with a $300 fine and court costs. He was credited with 50 days of time served. The financial sanctions remain unpaid.

{¶ 3} In his sole assignment of error, Sims claims that the municipal court erred by accepting his guilty plea without informing him of the effect of the plea using the language of Crim.R. 11(B)(1), as required by Crim.R. 11(D). Indeed, at the change-of-plea hearing, the municipal court addressed all advisements under Crim.R. 11, save the one — an express advisement that the guilty plea is a complete admission of guilt.

{¶ 4} We review to determine whether the trial court accepted a plea in compliance with Crim.R. 11 de novo. *State v. Meadows*, 2022-Ohio-4513, ¶ 18 (8th Dist.), citing *State v. Cardwell*, 2009-Ohio-6827, ¶ 26 (8th Dist.); *see also Lakewood v. Hoctor*, 2023-Ohio-375, ¶ 3 (8th Dist.). Crim.R. 11, which outlines the procedures that trial courts are to follow when accepting pleas, "'ensures an adequate record on review by requiring the trial court to personally inform the

defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *State v. Dangler*, 2020-Ohio-2765, ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975). The rule includes a requirement of informing the defendant of the effect of a plea. *State v. Jones*, 2007-Ohio-6093, ¶ 20-21, citing Crim.R. 11(C)(2)(b), (D), and (E).

{¶ 5} For the purposes of Crim.R. 11(D), which applies to misdemeanor pleas, a guilty plea is an obvious admission of guilt. *State v. Fontanez*, 2024-Ohio-4579, ¶ 15 (8th Dist.), citing *State v. Griggs*, 2004-Ohio-4415, ¶ 19. "[A] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *Id.* Therefore, in situations in which there is no explicit advisement "that a guilty plea constitutes a complete admission of guilt during a Crim.R. 11 colloquy but the court otherwise complies with the rule and the defendant does not assert actual innocence, [courts] may presume that the defendant understood that his guilty plea was a complete admission of guilt." *Id.* at ¶ 20. Although *Fontanez* is currently pending before the Ohio Supreme Court on this conclusion, *see 01/22/2025 Case Announcements, 2025-Ohio-156, State v. Fontanez*, Ohio Supreme Court No. 2024-1464, the authority remains binding.

{¶ 6} Importantly, Sims has not addressed *Fontanez* and the impact on his argument. He instead claims that because there was no advisement on the effect of the plea, his plea was invalid based on case authority predating *Fontanez*. *See Hoctor* at ¶ 8 (concluding that the failure to advise of the consequences of the no-

contest plea was grounds to reverse the conviction). Because that argument conflicts with *Fontanez* as it pertains to guilty pleas, it cannot be sustained.

{¶ 7} Further, after the trial court accepted Sims's guilty plea, the sentencing was delayed, enabling the victim to appear. Sims personally objected to the continuance asking to be sentenced immediately because in his words, "he already pleaded guilty" to the assault, an independent consideration in assessing Sims's awareness of the effect of entering his plea. *See, e.g., State v. Washington*, 2025-Ohio-5755, ¶ 47 (8th Dist.) (following *Fontanez* and concluding that the defendant presumptively understood that his guilty plea was a complete admission of guilt). At no point did Sims profess innocence, which would have been difficult given the video evidence confirming the victim's allegations, and there is no dispute that the remainder of the Crim.R. 11 advisements were provided. The city's reliance on *Fontanez* to affirm the conviction is well founded.

{¶ 8} This is not to say that courts should altogether omit the advisement when conducting change-of-plea hearings. The better practice is to include an advisement regarding the effect of the guilty plea in rote adherence to the rule even though not required by rule or law. *See State v. Miller*, 2020-Ohio-1420, ¶ 17 (noting that the Ohio Supreme Court has never mandated particular words to comply with Crim.R. 11). Nevertheless, under *Fontanez*, the sole assignment of error is overruled.

{¶ 9} The conviction is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
KATHLEEN ANN KEOUGH, J., CONCUR